Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or to amend the Order, the Full Commission AFFIRMS and ADOPTS the Order of Dismissal with Prejudice of the deputy commissioner as follows:
In its motion to dismiss, defendant asserts that plaintiff's claim is based upon an injury that occurred while plaintiff was an inmate on a work crew doing work and that therefore, plaintiff's exclusive remedy is under the North Carolina Workers' Compensation Act. In his affidavit, plaintiff alleges, in pertinent part, that on August 2, 1996, he and three other inmates "were on assignment to cut down and cut up trees." He further alleges that his injury occurred when he attempted to assist another inmate remove a chain saw from a stump. In doing so, he stood with one foot on each half of the stump. While he was standing on the stump, the stump split, causing him to fall and break a bone in his right hand.
Pursuant to the decision in Richardson v. N.C. Departmentof Correction, 345 N.C. 128, 478 S.E.2d 501 (1996), it appears that plaintiff's exclusive remedy for his alleged injury is under the North Carolina Workers' Compensation Act. Therefore, IT IS ORDERED that plaintiff's claim under the Tort Claims Act is hereby DISMISSED WITH PREJUDICE.
Each side shall pay its own costs.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________ LAURA K. MAVRETIC COMMISSIONER
BSB:md